IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              CASE NO. 3:21-CR-00014-BSM

LORD JUDAH AL-BARR                                                          DEFENDANT

## ORDER

Lord Judah Al-Barr's pro se motion for compassionate release [Doc. No. 51] is denied because he has not shown that extraordinary and compelling circumstances warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

Al-Barr pled guilty to being a felon in possession of a firearm and was sentenced to 46 months imprisonment— a low end of the guidelines sentence. Doc. No. 43. Al-Barr now requests compassionate release for the following five reasons: (1) he has been rehabilitated; (2) the Bureau of Prisons ("BOP") has not applied his time-served credits properly; (3) COVID-19 restrictions at his prison have made his sentence extra harsh, thus violating his due process rights; (4) he has standing community ties and a very high probability of success upon release; and (5) his early release is consistent with the federal sentencing guidelines policy statement set forth in U.S.S.G. § 1B1.13. Al-Barr's request is denied for several reasons.

First, Al Barr's rehabilitation alone is not considered an extraordinary and compelling circumstance that warrants early release. 28 U.S.C. § 994(t). Thus, Al-Barr must establish other extraordinary and compelling circumstances. *See United States v. DeFoggi*, No. 22-

2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (per curiam).  As demonstrated below, Al-Barr does not meet this burden.

Second, as set forth in an earlier order, *see* Doc. No. 48, the BOP has applied Al-Barr's time-served credits properly because he received credit on his state sentence for the same period of time that he is seeking credit for his federal sentence.  Additionally, as the government correctly points out, a sentencing court does not have the authority to award time-served credit as that authority rests with the Attorney General, acting through the BOP. *See United States v. Wilson*, 503 U.S. 329, 333–36 (1992).  Moreover, the government also correctly points out that Al-Barr cannot challenge the execution of his sentence through a compassionate release motion.  Rather, he must do so in a petition filed under 28 United States Code section 2241 after exhausting the BOP's administrative remedy process.  *See Webb v. Beasley*, No. 2:17-CV-00027-KGB, 2018 WL 894640, at *2 (E.D. Ark. Feb. 14, 2018) (citing *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009)).

Third, the COVID-19 restrictions at Al-Barr's prison do not warrant compassionate release because they are not extraordinary and compelling.  This is true because the restrictions are not unique to Al-Barr.  If these restrictions were found to be extraordinary and compelling, then every inmate at Al-Barr's prison would be entitled to release.  This is nonsensical.  Rather, if Al-Barr believes that the COVID-19 restrictions at his prison are impermissible, he should seek civil remedies instead of release.  *See United States v. Lischewski*, No. 18-CR-00293-EMC, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

Fourth, considering Al-Barr's criminal history and the fact that he was on parole when

he committed the offense for which he is serving this current sentence, Al-Barr cannot show that he poses no danger to the safety of the community. *See* U.S. Resp. to Def.'s Mot. for Sentence Reduction at 7–8, Doc. No. 52 (detailing how Al-Barr remains a danger to the community); *see also* Doc. No. 51 at 26 (explaining that a downward variance was not appropriate at sentencing).

Fifth, considering the federal sentencing guidelines policy statement set forth in U.S.S.G. § 1B1.13, Al-Barr is not entitled to early release. Specifically, Al-Barr (1) is not suffering from extraordinary and compelling medical circumstances; (2) is not over 65 years old; (3) does not have any extraordinary and compelling family circumstances; (4) has not been a victim of sexual or physical abuse at the hands of the BOP during his term of imprisonment; and (5) did not receive an unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

IT IS SO ORDERED this 11th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE